## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

KRISTINA CONSULTING GROUP, LLC,      )
a Colorado limited liability company, and   )
KRISTINA HOGAN, an individual,       )
                                     )
            Plaintiffs,              )
                                     )          Case No. 19-CV-437-TCK-JFJ
v.                                   )
                                     )
DECISION ONE DEBT RELIEF, an         )
Oklahoma limited liability company, D1  )
SERVICING GROUP, LLC, a New York     )
Corporation, DEBT PAY GATEWAY, a     )
California corporation, SECURE ACCOUNT  )
SERVICES, LLC, an Arizona limited    )
liability company, and VERITAS LEGAL  )
PLAN, INC., a Florida corporation,   )
                                     )
            Defendants.              )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by defendant Debt Pay Gateway, Inc.

("DPG") pursuant to Fed. R. Civ. P. 12(b)(2), based on lack of personal jurisdiction.  Doc. 20.

Alternatively, DPG argues that, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss

Plaintiffs' claims against it for breach of fiduciary duty, intentional infliction of emotional distress

and violations of the Oklahoma Consumer Protection Act. *Id*.

Plaintiffs Kristina Consulting Group, LLC ("KCG") and Kristina Hogan ("Hogan") oppose

the motion.  Doc. 29.

## I. Background

Hogan, a citizen of Colorado, is the sole owner of KCG, a limited liability company organized under the laws of, and with its principal place of business in, the State of Colorado. Doc. 11, First Amended Petition, ¶¶1-3.  In April 2016, KCG borrowed $92,600 from On Deck Capital, Inc. ("On Deck"). *Id.*, ¶38.  Hogan personally guaranteed the debt.  *Id.*  In June 2017, KCG and Decision One Debt Relief, LLC ("Decision One") entered into a Business Debt Resolution Agreement, pursuant to which Decision One agreed to provide debt resolution and debt restructuring services to KCG, and KCG agreed to make monthly payments and advance fees into a bank account for that purpose. *Id., ¶56.* As part of the Debt Resolution Agreement, Decision One transmitted to KCG a custodial account agreement, in which KCG agreed to make automatic payments to a custodial account managed by DPG, and DPG agreed to receive payments, make disbursements and provide dedicated account administrative services and online transaction and account information to KCG in furtherance of the Debt Resolution Agreement. *Id.,*

In their First Amended Petition, Plaintiffs assert claims against DPG—one of the "Decision One Defendants"—for fraud in the inducement, intentional infliction of emotional distress, violation of the Oklahoma Consumer Protection Act and civil conspiracy.[1] Doc. 11. DPG, in its Motion to Dismiss, argues that the Court lacks personal jurisdiction over it.  Alternatively, it contends Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.*

---

[1] The First Amended Petition lists Decision One Debt Relief, D1 Servicing Group, Essential Strategic Partners Group, Inc. and DPG as the "Decision One Defendants."  Doc. 11, ¶18.

## II. Personal Jurisdiction

### A.  Applicable Law

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendant.  Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).  However, where, as here, the question of personal jurisdiction is disputed in the preliminary stages of litigation, "the plaintiff need only make a prima facie showing of jurisdiction to defeat the motion [to dismiss]." *AST Sports Science,* 514 F.3d at 1056.  The plaintiff may make a prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.  *OMI Holdings,* 149 F.3d at 1091.  The court will accept as true the allegations in plaintiff's complaint, and all factual disputes will be resolved in the plaintiff's favor.  *Intercon Inc. v. Bell Atl. Internet Sol'ns*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

The United States Supreme Court recognizes two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-1780 (2017).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).  "In Oklahoma, this two-

3

part inquiry collapses into a single due process analysis," because Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1998) (citing Okla. Stat. tit. 12, § 2004 F). Accordingly, the only question remaining is whether the exercise of personal jurisdiction over the nonresident defendant comports with due process. *See AST Sports Science*, 514 F.3d at 1057.

The Due Process Clause prevents courts from exercising jurisdiction over a nonresident defendant unless "there exist 'minimum contacts' between the defendant and the forum state." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *OMI Holdings,* 149 F.3d at 1091). The "minimum contacts" standard can be satisfied in either of two ways: First, the court may exert specific jurisdiction over a defendant who has "purposefully directed his activities at residents of the forum," provided "the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (internal citations and quotation marks omitted). Alternatively, the court may maintain general personal jurisdiction over a defendant who has maintained continuous and systematic general business contacts with the forum state. *Id.*

### B.  Analysis

#### 1.  General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country corporations) to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Goodyear Dunlop Tire Ops. S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). However, it is only in an "exceptional case" that "a corporation's operations in a forum other than its formal place of incorporation or principal place

of business [will] be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, n. 19 (2014).

The Declaration of Christopher P. Queen, the founder, owner and CEO of  DPG, establishes that: DPG is not, and has never been registered to do business in Oklahoma; does not own any real or personal property in Oklahoma; does not maintain any offices in Oklahoma; does not have any officers, directors, employees or agents in Oklahoma; does not hold any bank accounts or have any telephone listings in Oklahoma; does not maintain any custodial bank accounts in Oklahoma (much less the custodial bank account that is the subject of Plaintiffs' claims against DPG; and does not advertise or solicit business in the state of Oklahoma.  Doc. 20, Ex. 1, ¶¶5-11.

Because DPG's operations in Oklahoma are not "so substantial and of such a nature as to render the corporation at home" in Oklahoma, the Court may not assert general jurisdiction over it.

### 2. Specific Jurisdiction

The Supreme Court has stated:

In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State.'  When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Bristol-Myers Squibb Co.*, *supra.*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919, 931, n. 6)'.

Here, Plaintiffs' claims (breach of fiduciary duty, intentional infliction of emotional distress and violations of the Oklahoma Consumer Protection Act) sound in tort.  Accordingly, the Court must consider "whether the nonresident defendant 'purposefully directed' its activities at

the forum state." *Anzures v. Flagship Res. Grp.*, 89 1277, 1279 (10th Cir. 2016) (quoting *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*514 F.3d 1063, 1071 (10th Cir. 2008)). "In this arena, the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).

"Purposeful direction," in turn, "exists when there is 'an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state.'" *Anzures*, *supra.* (quoting *Dudnikov*, 514 F.3 at 1072). This is because "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King*, 471 U.S. at 475).

In this case, Plaintiffs' claims against DPG do not arise out of conduct that DPG purposefully directed at Oklahoma, because Plaintiffs are residents of and/or located in Colorado, and the contracts were negotiated and executed in that state. Doc. 11, ¶¶1-3. As previously noted, DPG performed no work under the Custodial Account Agreement in Oklahoma. Doc. 20, Ex. 1, ¶23. The custodial account maintained by DPG for KCG was in Illinois, not Oklahoma. *Id.*, ¶24. Finally, the bank account identified by KCG in the Custodial Account Agreement which DPG debited has a bank routing number of 107005047, which corresponds to FirstBank in Lakewood, Colorado. Doc. 20, Ex. 3, p. 5.

Plaintiffs rely solely upon DPG's contractual relationship with Decision One to claim that the Court may exercise personal jurisdiction over DPG. Clearly, a contractual relationship may

be used to establish specific jurisdiction over an out-of-state defendant when the litigation relates to claims asserted by the forum *plaintiff* against the out-of-state defendant. *See*, *e.g.*, *Burger King Corp.*, 471 U.S. 462, 478-79. However, Plaintiffs cite no authority for their proposition that a contractual relationship between a forum defendant—Decision One—and an out-of-state defendant—DPG—confers personal jurisdiction over the out-of-state defendant.

As previously noted, in order for the Court to exercise specific jurisdiction over an out-of-state defendant, there must be an "affiliation between the forum and the underlying controversy." *Bristol-Myers*, *supra.* Plaintiffs have identified no facts showing DPG has "purposefully directed" its activities at Oklahoma residents. Accordingly, this Court has no basis to exercise specific jurisdiction over DPG.

**III. Conclusion**

The Court, having concluded that it has neither specific nor general jurisdiction over Plaintiffs' claims against DPG, hereby grants DPG's Motion to Dismiss plaintiff's claims against it pursuant to Rule 12(b)(2). DPG's alternative motion to dismiss the claims pursuant to Rule 12(b)(6) is moot.

ENTERED this 8th day of May, 2020.

TERENCE C. KERN
United States District Judge